OPINION
{¶ 1} Defendant-appellant, Leroy Jackson ("Jackson"), appeals the December 27, 2002 judgment entry of the Ashtabula County Court of Common Pleas sentencing him to serve ten consecutive one year terms of imprisonment. Jackson had previously pled guilty to ten counts of gross sexual imposition, a fourth degree felony in violation of R.C. 2907.05(A)(1). For the following reasons, we affirm Jackson's sentence.
 {¶ 2} Jackson raises the following assignments of error:
 {¶ 3} "[1.] The trial court erred to the prejudice of appellant when it imposed a sentence greater than the minimum sentence on each of the ten counts of gross sexual imposition to which the appellant pled guilty.
 {¶ 4} "[2.] The trial court erred to the prejudice of appellant when it imposed consecutive sentences."
 {¶ 5} An appellate court reviews a felony sentence under a clear and convincing evidence standard of review. R.C.2953.08(G)(2). An appellate court may not disturb a sentence unless the court "clearly and convincingly finds" that "the record does not support the sentencing court's findings," or that "the sentence is otherwise contrary to law." R.C.2953.08(G)(2)(a) and (b). Clear and convincing evidence is that evidence "which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 6} The range of possible terms of imprisonment for gross sexual imposition, a fourth degree felony, is from six to eighteen months. R.C. 2929.14(A)(4). By imposing a prison term of one year for each count of gross sexual imposition, the trial court sentenced Jackson within the permissible range.
 {¶ 7} Where the offender has not previously served a prison term, the trial court must impose the shortest authorized prison term unless "[t]he court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B)(2). "R.C. 2929.14(B) does not require that the trial court give reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." State v. Edmonson, 86 Ohio St.3d 324,1999-Ohio-2948, at syllabus (emphasis sic). Rather, "the trial court merely has to state, somewhere on the record, that one or both of the findings set forth in R.C. 2929.14(B) justify a longer sentence than the minimum." State v. Bell, 11th Dist. No. 2001-A-0032, 2002-Ohio-2948, at ¶ 8. Also, State v. Finks
(June 9, 2000), 11th Dist. No. 98-P-0129, 2000 Ohio App. LEXIS 2488, at *6; State v. South (June 23, 2000), 11th Dist. No. 98-P-0050, 2000 Ohio App. LEXIS 2768, at *11.
 {¶ 8} Jackson argues in his first assignment of error that the trial court failed to make the required finding that the minimum sentence of six months would demean the seriousness of his conduct or that it would not adequately protect the public from future crimes. We disagree.
 {¶ 9} At the sentencing hearing, the trial court did not expressly find that "the shortest prison term [would] demean the seriousness of [Jackson's] conduct" or that it would "not adequately protect the public from future crime." Instead, the court acknowledged its duty "to determine what is a proper sentence in this case that is commensurate with and not demeaning to the seriousness of your conduct involving this young child, your stepdaughter."
 {¶ 10} The state argues that by making this statement, the trial court demonstrated that it was cognizant of its responsibility to consider whether or not "the shortest prison term [would] demean the seriousness of [Jackson's] conduct," and, that by sentencing Jackson to a term of imprisonment of one year for each count of gross sexual imposition, the trial court impliedly found that "the shortest prison term [would] demean the seriousness of [Jackson's] conduct."
 {¶ 11} This court has previously upheld deviations from the minimum sentence based on implied findings that the minimum sentence would demean the seriousness of the conduct. State v.Jackson, 11th Dist. No. 2003-A-0005, 2004-Ohio-2920, at ¶¶ 82-85; State v. Butcher, 11th Dist. No. 2002-A-0059, 2003-Ohio-5537, at ¶¶ 26-28, State v. Kartashov (July 20, 2001), 11th Dist. no. 2000-A-0039, 2001 Ohio App. LEXIS 3285, at *6-*7. This court has adopted the position that a trial court is not required to use the exact statutory language when making its finding that the minimum sentence would demean the seriousness of the offender's conduct. Where the trial court's factual findings demonstrate that the court performed the requisite analysis and concluded that the minimum sentence would demean the seriousness of the offender's conduct or fail to adequately protect the public, the requirements of R.C. 2929.14(B) are satisfied.Jackson, 2004-Ohio-2920, at ¶ 85 (although the court's "finding essentially corresponds to the statutory language set forth under R.C. 2929.11(B) rather than R.C. 2929.14(B)," * * * the finding serves to indicate that the `shortest authorized prison term would demean the seriousness of the offender's conduct'");Kartashov, 2001 Ohio App. LEXIS 3285, at *6 ("the factual notations of the trial court rose to the threshold level of the express statement required by R.C. 2929.14(B) that the minimum sentence would not adequately protect the public from future crimes by the appellant").
 {¶ 12} In the present case, it is readily implied from the trial court's findings that the court has conducted the analysis required by R.C. 2929.14(B). The court stated its purpose to impose a sentence that was not demeaning to Jackson's conduct. The court further noted that Jackson's stepdaughter suffered severe psychological injury as a result of Jackson's conduct; that the abuse continued over a long period of time; that the abuse began when the stepdaughter was under thirteen years of age; and that Jackson used his position as stepfather to facilitate the offense. We hold that these findings are the equivalent of an express statement that the minimum sentence would demean the seriousness of Jackson's conduct.
 {¶ 13} Jackson's first assignment of error is without merit.
 {¶ 14} Under the second assignment of error, Jackson challenges the trial court's order that he serve consecutive sentences.
 {¶ 15} "A court may not impose consecutive sentences for multiple offenses unless it `finds' three statutory factors. R.C.2929.14(E)(4). First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. Id. Second, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Third, the court must find the existence of one of the enumerated circumstances in R.C. 2929.14(E)(4)(a) through (c)." State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at ¶13 (emphasis sic) (footnote omitted). R.C. 2929.14(E)(4) provides as follows:
i. "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or2929.18 of the Revised Code, or was under post-release control for a prior offense.
ii. "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
iii. "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 16} When imposing consecutive sentences for multiple offenses under R.C. 2929.14, the trial court is also required to "make a finding that gives * * * its reasons for imposing the consecutive sentences." R.C. 2929.19(B)(2)(c). "Pursuant to R.C.2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." Comer, 2003-Ohio-4165, paragraph one of the syllabus.
 {¶ 17} Specifically, Jackson maintains that the trial court failed to make one of the findings required by R.C.2929.14(E)(4). We disagree. At the sentencing hearing, the trial court found the injury caused by Jackson's repeated conduct was so great that a single prison term would not adequately reflect the seriousness of the conduct. As noted above, the court stated that it sought to fashion a sentence that was "commensurate with and not demeaning to the seriousness of [Jackson's] conduct" involving his stepdaughter. The court further found: "I don't think there's any doubt that this young girl suffered serious psychological injury and that injury, in fact, was exacerbated by her young age when all of this started and continued over a long period of time.[1] The fact that your relationship as a stepfather is an aggravating factor using and abusing a position of trust to facilitate the offense. And * * * the fact that she was under the age of 13 in connection with many of these offenses is a serious, serious aggravating factor. * * * I agree with the prosecuting attorney that multiple prison terms are necessary in order to adequately protect the public from future crime, especially to adequately punish you for your conduct in this case and that it would not be disproportionate to the seriousness of your conduct or the danger that you do pose to the community." The trial court's decision to impose consecutive sentences in this case is justified, as stated by the trial court, by the seriousness of the harm inflicted over a long period of time by Jackson's repeated gross sexual imposition of his stepdaughter. Jackson's second assignment of error lacks merit.
 {¶ 18} For the foregoing reasons, the judgment entry of the Ashtabula County Court of Common Pleas sentencing Jackson to serve ten consecutive one year terms of imprisonment is affirmed.
Rice, J., Nader, J., Ret., Eleventh Appellate District, sitting by assignment. concur.
[1] The victim's mother described the psychological injuries suffered by the victim in a prepared statement read to the court by the prosecutor: "V. has lived in hell for nine years. Nine years of abuse and fear has taken her childhood, her innocence, her self-esteem, her ambition, her hopes and her dreams. V. was not able to address the Court but let me say on her behalf and in her words that, quote, each day is a day of survival. I lock myself up in my room, in the bathroom, for fear of him coming after me. I do not have meaningful relationships with other young people, especially adults because of my lack of trust. I cannot be myself. I hurt all the time. I never feel happy. Everything I do takes effort to wake up, go to school, do homework, play basketball or any sport or just eat food. My thoughts are always with what happened and why did it happen to me. What did I do? Why me? I relive every moment, every day. I am tired of pretending to be okay. I am not okay. End quote."