OPINION
{¶ 1} This appeal, submitted on the record and briefs of the parties, comes to us from the Ashtabula County Court of Common Pleas wherein appellant, John R. Spencer, was found guilty on two counts of assault on a peace officer.
 {¶ 2} The following facts were presented at trial: On June 27, 2002, at approximately 4:20 p.m., deputies from the Ashtabula County Sheriff's Department were summoned to the Edgewood Trailer Park due to a report of ongoing domestic violence. The police were informed that an individual, later identified as appellant, was attempting to assault family members using his vehicle. When Deputy Michael Roach arrived at the scene, he spoke with Tessa Spencer ("Tessa"), the victim and appellant's estranged wife. Susan Gross ("Gross"), Tessa's neighbor was also present. Gross told Deputy Roach that she witnessed appellant attempting to hit Tessa and her eleven-year-old son with his car while they walked from their home to Gross' residence to call for help. Gross also stated that she overheard appellant threaten to kill Tessa.
 {¶ 3} As Deputy Roach was taking statements from Tessa and Gross at the scene, appellant returned to the scene in his car. His brother was also in the vehicle. Deputy Roach approached appellant and asked him to exit to discuss the incident. Appellant refused to exit the car, claiming that he had done nothing wrong. Deputy William Martin, having recently arrived at the scene to assist, approached appellant's vehicle and attempted to reach into appellant's vehicle and unlock the door. Upon reaching into the vehicle, appellant punched his hand with a closed fist. Deputy Martin subsequently succeeded in unlocking the car door and attempted to place appellant into a "control hold." Appellant resisted and grabbed Deputy Martin around the neck. Deputy Roach administered pepper spray to appellant's face, which had little effect. Appellant then punched Deputy Roach in the chest. Deputy Roach administered a second blast of pepper spray. Appellant continued to resist, swinging at both deputies with closed fists.
 {¶ 4} Deputy Martin struck appellant in his leg with his baton. Appellant attempted to punch Deputy Martin in the head. He missed and hit Martin's police radio, knocking it to the ground. The officers were eventually able to handcuff appellant and place him in the rear of Deputy Martin's cruiser.
 {¶ 5} On August 9, 2002, appellant was indicted on two counts of assault of a peace officer, both felonies of the fourth degree. Appellant pled not guilty to the charges. A jury trial commenced February 4, 2003. The jury found appellant guilty on both counts. The trial court subsequently sentenced appellant to sixteen months imprisonment on both counts, to be served concurrently.
 {¶ 6} Appellant presents a single assignment of error on appeal:
 {¶ 7} "The trial court erred when it sentenced appellant to concurrent sentences of sixteen months each."
 {¶ 8} In his assignment of error, appellant contends the trial court erred in sentencing him to sixteen-month terms of imprisonment on each count, to be served concurrently, as the evidence presented did not support more than a minimum sentence. Moreover, appellant contends the trial court failed to adhere to the statutory requirements for the imposition of a more-than-minimum sentence.
 {¶ 9} Appellant was found guilty on two counts of assault on a peace officer, in violation of R.C. 2903.13(C)(3), which is a felony of the fourth degree. A felony of the fourth degree carries a potential prison term of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen or eighteen months. R.C.2929.14(A)(4). Appellant was sentenced to sixteen months on each count, or a more than minimum sentence.
 {¶ 10} In adhering to the statutory requirements set forth in R.C.2929.14(B), a sentencing court is required to impose the minimum sentence for first-time imprisonment unless it specifies on the record that the shortest prison term would demean the seriousness of the conduct or would not adequately protect the public from future crime by the offender.State v. Jackson, 11th Dist. No. 2003-A-0015, 2004-Ohio-5304, at ¶ 7.
 {¶ 11} Appellant contends the trial court erred in not specifically stating that the imposition of the minimum sentence would not adequately protect the public from future crime by the offender. Appellee contends that, although the trial court did not use that specific language, it made the following finding at sentencing:
 {¶ 12} "Although he has been accepted in the NEOCAP program, it's recognized by NEOCAP he is a high risk candidate for supervision and he needs intensive intervention. The history of community conviction, true there are no felonies. There is a pattern I believe of violence, although this was, I believe, the only conviction was resulting in a ten-day jail sentence. Let me find the reference to that. And that was for an Attempted Resisting Arrest.
 {¶ 13} "We have, I believe the victims in this case, Deputy Roach and Deputy Martin, though they made no claim for physical suffering harm. It's because they knew how to practice defensive measures to what was going on. And so I'm going to find that there was physical harm to the victims in this case, both Deputy Roach and Deputy Martin. I don't believe you show any remorse concerning this offense. I believe that you're not eligible for community control.
 {¶ 14} "We're a population of a good 123,000 in this county, and I suspect probably at any one time we have less than 100 law enforcement officers on duty, including the Highway Patrol, police, and sheriff's deputies. And the rule (sic) for law and order is something that is paramount in our society. And I certainly don't see that in you and how you conducted yourself that day and how you conducted yourself in the past. And it took two deputies to subdue you."
 {¶ 15} Thus appellee contends that, although the trial court did not use the language of the statute verbatim, it made its findings on the record in favor of a more than minimum sentence. We agree.
 {¶ 16} The trial court is not required to mimic the language of the statute verbatim in imposing sentence. State v. Grissom, 11th Dist. No. 2001-L-107, 2002-Ohio-5154, at ¶ 21. This court has concluded that a presumption exists that the trial court considered the statutory factors when it makes its findings on the record in support of those factors.State v. Hawley (Aug. 10, 2001), 11th Dist. No. 2000-L-114, 2001 Ohio App. LEXIS 3532, at 3.
 {¶ 17} At the sentencing hearing, the court noted that appellant's past offenses, while not felonies, exhibited a pattern of violence. The court observed that, in the instant matter, appellant was physically aggressive toward the arresting officers. The court further concluded appellant's criminal history and his behavior towards the arresting officers under the current facts demonstrated a lack of respect for the law. In emphasizing these facts, the court offered a sufficient justification as to why the shortest prison term would demean the seriousness of appellant's conduct or would not adequately protect the public from future crime by the offender. R.C. 2929.14(B). Appellant's sole assignment of error is overruled.
 {¶ 18} For these reasons, the sentence of the Ashtabula County Court of Common Pleas is hereby affirmed.
Grendell, J., concurs, O'Neill, J., dissents with Dissenting Opinion.