{¶ 24} I respectfully dissent.
 {¶ 25} For offenders who have not previously served a prison term, R.C. 2929.14(B) requires a trial court to "impose a minimum sentence for first-time imprisonment unless it specifies on the record that the shortest prison term will demean the seriousness of the conduct or will not adequately protect the public from future crime by the offender." State v. Edmonson,86 Ohio St.3d 324, 325, 1999-Ohio-110. The Supreme Court of Ohio has construed the phrase "finds on the record," as contained in R.C. 2929.14(B) to mean that the trial court has "engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons." Id. at 326.
 {¶ 26} With respect to R.C. 2929.14(B), this court has "adopted the position that a trial court is not required to use the exact statutory language when making its finding that the minimum sentence would demean the seriousness of the offender's conduct," and "[w]here the trial court's factual findings demonstrate that the court performed the requisite analysis * * * the requirements of R.C. 2929.14(B) are satisfied." State v.Jackson, 11th Dist. No. 2003-A-0015, 2004-Ohio-5304, at ¶ 11; accord State v. Jackson, 11th Dist. No. 2003-A-0005,2004-Ohio-2920, at ¶¶ 82-85. This court has likewise concluded "that a presumption exists that the trial court considered the statutory factors when it makes its findings on the record in support of those factors." State v. Spencer, 11th Dist. No. 2003-A-0067, 2005-Ohio-2264, at ¶ 16 (citations omitted); Statev. Kartashov (Jul. 20, 2001), 11th Dist. No. 2000-A-0039, 2001 Ohio App. LEXIS 3285, at *6 (this court has found substantial compliance with R.C. 2929.14(B) where "the facts mentioned by the court provided a de minimus functional equivalent of the pertinent statutory prong").
 {¶ 27} In the case at bar, the trial court stated that it considered the sentencing factors, and found, as to the "more serious factors, * * * the injury to the victim was worsened by the age of the victim * * * and, further, that the victim suffered psychological injury or harm as a result of the offense, and that has been noted * * *." The court also found, on the basis of Dr. Fabian's report, "for the decision here as far as sentence * * * the defendant is at a medium to high risk to sexually reoffend and commit a sexually-oriented offense."
 {¶ 28} While the preferred practice would be for the trial court to "develop its finding in a manner which more closely corresponds to the statutory language set forth in R.C. 2929.14(B)," Jackson, 2004-Ohio-2920, at ¶ 85 n. 5, it is clear that the trial court substantially complied herein with the requirements of R.C. 2929.14(B).
 {¶ 29} Accordingly, I would affirm the decision of the Ashtabula County Court of Common Pleas.