OPINION
{¶ 1} Defendant-appellant, Leroy Jackson, appeals the Judgment Entry of Sentence, rendered by the Ashtabula County Court of Common Pleas, re-sentencing him to serve an aggregate prison term of ten years, following a prior conviction for ten counts of Gross Sexual Imposition. For the following reasons, we affirm the decision of the court below. *Page 2 
 {¶ 2} On October 2, 2002, Jackson pled guilty to ten counts of Gross Sexual Imposition, a felony of the fourth degree in violation of R.C. 2907.05.(A)(1). At the change of plea hearing, Jackson admitted to committing Gross Sexual Imposition on ten occasions, by rubbing the breasts and genital area of a minor female against her will.
 {¶ 3} On December 27, 2002, a sentencing hearing was held. The trial court sentenced Jackson to serve consecutive, one-year sentences for each count of Gross Sexual Imposition, for an aggregate prison term of ten years. This court affirmed Jackson's sentence in State v.Jackson, 11th Dist. No. 2003-A-0015, 2004-Ohio-5304.
 {¶ 4} On March 18, 2008, the Ohio Department of Rehabilitation and Correction advised the trial court that it had failed to notify Jackson of mandatory post-release control, pursuant to R.C. 2967.28(B), in its journal entry imposing sentence.
 {¶ 5} On May 30, 2008, a re-sentencing hearing was held, at which the trial court imposed a sentence of ten consecutive, one-year sentences.
 {¶ 6} On June 3, 2008, the trial court issued its written Judgment Entry of Sentence. This appeal timely follows.
 {¶ 7} On appeal, Jackson raises the following assignment of error: "The trial court erred to the prejudice of the appellant when it failed to state its reasons for imposing consecutive sentences at the sentencing hearing."
 {¶ 8} "[A]ppellate courts must apply a two-step approach when reviewing felony sentences. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the *Page 3 
trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard." State v. Kalish,120 Ohio St.3d 23, 2008-Ohio-4912, at ¶ 26.
 {¶ 9} Jackson argues the trial court erred by failing to explain its reason for imposing consecutive sentences at the May 30, 2008 re-sentencing hearing. Jackson relies upon R.C. 2929.19(B)(2)(c), which provides that "[t]he court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances: * * * If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences."
 {¶ 10} Jackson acknowledges the Ohio Supreme Court's decision ofState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, but asserts that the court did not hold R.C. 2929.19(B)(2)(c) unconstitutional. We disagree.
 {¶ 11} The Supreme Court expressly held that R.C. 2929.19(B)(2) was unconstitutional because it "require[d] judicial factfinding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant." Id. at paragraph one of the syllabus. The court further held that R.C. 2929.19(B)(2) was severable and that, after severance, "factfinding is not required before a prison term can be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant." Id. at paragraph two of the syllabus. Specifically, "judicial factfinding is not required before imposition of consecutive prison terms." Id. at paragraph four of the syllabus.
 {¶ 12} Subsequent decisions have made it clear that a court may impose consecutive sentences, not only without engaging in judicial factfinding, but also without *Page 4 
stating its reasons therefor. "After Foster, a trial court can simply impose consecutive sentences, and no reason need be stated."Kalish, 2008-Ohio-4912, at ¶ 12.
 {¶ 13} At the May 30, 2008 resentencing hearing in the present case, the court duly provided an opportunity for Jackson's trial counsel, the prosecutor, and Jackson himself to address the court. The court explained its decision to re-impose the original sentence as follows: "Well, because of the seriousness of the offense, as well as the number of charges and what was involved in the final plea negotiation of the case, I did determine, as the prosecutor has pointed out, just a couple of months ago that I would not grant judicial release, that I thought that the original sentence was fair and commensurate with the seriousness of your conduct, and that any further reduction of the sentence would be demeaning to the seriousness of what happened in this case. On the other hand, there is no reason on re-sentence [sic] that I can see, that I should impose any greater sentence than what was originally involved."
 {¶ 14} Although not required to do so, the trial court provided an adequate explanation of its reasons for imposing sentence. The sole assignment of error is without merit.
 {¶ 15} The judgment of the Ashtabula County Court of Common Pleas, sentencing Jackson to an aggregate prison term of ten years, is affirmed. Costs to be taxed against appellant.
 CYNTHIA WESTCOTT RICE, J., COLLEEN MARY O'TOOLE, J., concur. *Page 1